**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**


JOHNNY L. BUTLER
REG. #12790-076                                                                                    PLAINTIFF


V.                                          2:08CV00033 SWW/JTR


LIEUTENANT WARDS, et al.                                                             DEFENDANTS


**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan

Webber Wright.   Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Clerk no later than eleven (11) days from the date of the findings and

recommendations.   The copy will be furnished to the opposing party.    Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the United States District Judge,

you must, at the same time that you file your written objections, include a "Statement of Necessity"

that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, who is a prisoner incarcerated in the Federal Correctional Institute located in Forrest City, Arkansas ("FCI-FC"), has commenced this *pro se Bivens*[1] action alleging that Defendants have violated his constitutional rights.  *See* docket entries #2 and #28.  Defendants have filed: (1) a Second Motion for Summary Judgment, or in the Alternative, Request for an Evidentiary Hearing on the Issue of Exhaustion; (2) a Supporting Brief; and (3) a Statement of Undisputed Facts.  *See* docket entries #44, #45, and #46.  Plaintiff has filed a Response (docket entry #54) and a Second

---

[1] Because Plaintiff is a federal inmate alleging constitutional violations against federal defendants, his claims are brought pursuant to *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), which established that the victims of constitutional violations by federal agents have a right to recover damages against them in federal court, just as 42 U.S.C. § 1983 provides redress for constitutional violations by state officials.

Response  (docket entry #58), to which Defendants have filed a Reply (docket entry #57) and a Second Reply (docket entry #59).  Before addressing the merits of Defendants' Second Motion for Summary Judgment, the Court will review the relevant procedural history associated with Plaintiff's claims.

Plaintiff alleges that, in April and May of 2007, Defendants violated his Eighth Amendment right to adequate medical care and his Fifth Amendment right to equal protection of the laws when they refused to treat a skin infection on his face.[2]  *See* docket entries #2 and #28.

In July of 2009, Defendants filed a Motion for Summary Judgment in which they contended that Plaintiff had failed to fully and properly exhaust his administrative remedies in regard to these two claims.[3]  *See* docket entries #19 and #20.  While *admitting* that he did not exhaust his administrative remedies, Plaintiff submitted evidence suggesting that Defendant Jemmott[4] prevented

---

[2] The Court has previously dismissed all of Plaintiff's other *Bivens* claims.  *See* docket entry #39.

[3] The Prison Litigation Reform Act ("PLRA") provides, in pertinent part, that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The purpose of the exhaustion requirement is to give prison officials the opportunity to rectify the perceived problem before the courts become involved.  *Porter v. Nussle,* 534 U.S. 516, 525 (2002) (explaining that the exhaustion requirement applies to federal prisoners who have filed a *Bivens* action).  Importantly, the Eighth Circuit has clarified that the PLRA requires inmates to: (1) *fully* exhaust their administrative remedies as to *each separate* claim raised in the complaint; and (2) complete the exhaustion process *prior* to filing an action in federal court. *See Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000).

[4] On October 16, 2008, the Court entered an Order dismissing Defendant Jemmott from this action.  *See* docket entry #39.

him from doing so.[5]  *See* docket entry #25.  After reviewing the evidence submitted by both parties, the Court concluded that there was a genuine issue of material fact as to whether Defendant Jemmott hindered Plaintiff's attempts at exhaustion  *See* docket entries #32 and #39.  Accordingly, the Court denied summary judgment on the issue of exhaustion and gave the Defendants the following options: (1) refile their Motion for Summary Judgment and, if necessary, request a fact finding Evidentiary Hearing on the issue of exhaustion; or (2) proceed with the development of the case on the merits of the two remaining claims.  *Id.*

On January 12, 2009, Defendants filed their Second Motion for Summary Judgment.  *See* docket entry #45.  For the reasons discussed below, the Court recommends that the Motion for Summary Judgment be granted, and that this case be dismissed, without prejudice, because Plaintiff has failed to timely and properly exhaust his administrative remedies.[6]

---

[5] A prisoner's failure to exhaust his administrative remedies is excused if the prisoner demonstrates that prison officials hindered his efforts to complete exhaustion.  *Sergent v. Norris,* 330 F.3d 1084, 1085-86 (8th Cir. 2003); *Lyon v. Vande Krol,* 305 F.3d 806, 808 (8th Cir. 2002).

[6] It is well settled that summary judgment should only be granted when the record, viewed in a light most favorable to the nonmoving party, shows that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of informing the court of its basis for the motion and identifying the parts of the record that show lack of a genuine issue. *Celotex,* 477 U.S. at 323. To defeat a motion for summary judgment, the nonmoving party must go beyond the pleadings and establish "by affidavits, or by the depositions, answers to interrogatories, and admissions on file" that specific facts show a genuine issue for trial exists. *See* Fed R. Civ. P. 56(c); *Celotex,* 477 U.S. at 324.

## II. Discussion

**A.      Plaintiff's Equal Protection Claim**[7]

First, Defendants argue that Plaintiff has failed to state a viable equal protection claim. *See* docket entry #32.  To properly assert an equal protection claim, a federal prisoner must allege that he was treated differently than similarly situated inmates and that the different treatment was based on either a suspect classification or a fundamental right.  *See Patel v. U.S. Bureau of Prisons*, 515 F.3d 807 (8th Cir. 2008); *Muick v. Reno,* Case No. 03-1725, 2003 WL 22952703 (8th Cir. Dec. 10, 2003) (unpublished opinion).  There is no question that race is a suspect classification. *Bolling v. Sharpe*, 347 U.S. 497, 499 (1954).

Plaintiff, who is African-American, clearly states in his Complaint that, if he had "been white or Mexican," he would have received medical treatment for his skin condition on the day he requested it.  *See* docket entry #2 at 5.  Thus, the Court concludes that Plaintiff, has sufficiently stated an equal protection claim. *See Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (emphasizing that a prisoner's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Northern States Power Co. v. Fed. Transit Admin.*, 358 F.3d 1050, 1056-57 (8th Cir. 2004) (explaining that pursuant to notice pleading, which is authorized

---

[7] The Fourteenth Amendment, which applies to the states, contains an "express" equal protection" clause. U.S. CONST. amend. XIV.  The Fifth Amendment, which applies to the federal government, does not. U.S. CONST. amend X.  Nevertheless, it is "settled that the concept of due process of law prohibits the federal government from discriminating against any person on such irrelevant and invidious grounds as race, color, religion, or national origin." *Johnson v. Alexander,* 572 F.2d 1219, 1220 (8th Cir. 1978) (citing *Washington v. Davis*, 426 U.S. 229 (1976)).  Sometimes the Eighth Circuit refers to this as the "equal protection component of the Fifth Amendment due process clause." *Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 952 (8th Cir. 2004).  Other times, the Court simply refers to it as a federal prisoner's "equal protection rights." *Patel v. U.S. Bureau of Prisons,* 515 F.3d 807, 815-16 (8th Cir. 2008).  For the sake of brevity, the Court will use the later language.

by Fed. R. Civ. P. 8(a), a plaintiff is only required to set forth a "short and plain statement" of facts showing that he is entitled to relief and giving "the opposing party fair notice of the nature and basis" for his claims).

**B.      Plaintiff's Failure to Exhaust Administrative Remedies In Connection With His Inadequate Medical Care And Equal Protection Claims**

Defendants argue that they now have *undisputed evidence* that Defendant Jemmott did *not* prevent Plaintiff from exhausting his administrative remedies on his inadequate medical care and equal protection claims.  *See* docket entries #44, #45, and #46.  In the alternative, Defendants request an evidentiary hearing if the Court determines there are any genuine issues of material fact.  *Id.*

Plaintiff has made two arguments in response to Defendants' renewed affirmative defense that he has failed to exhaust his administrative remedies.  *See* docket entries #54 and #58.  Each of Plaintiff's arguments will be addressed separately.

**1.      Plaintiff Properly Exhausted His Administrative Remedies**

Plaintiff seeks to withdraw his previous *admission* that he did *not* exhaust his administrative remedies (*see* docket entry #25), and now suggests that, in fact, he did fully exhaust those remedies on his inadequate medical care and equal protection claims.  According to Plaintiff, he did so in the appeal of "Administrative Remedy 456268," which he filed on August 29, 2007.  *See* docket entry #54, Ex. A.

On June 2, 2007, Plaintiff filed Administrative Remedy 456268, raising several procedural irregularities that allegedly occurred during the disciplinary process that ultimately resulted in his May 23, 2007 disciplinary conviction for threatening a prison guard with bodily harm.[8]  *See* docket

---

[8] This disciplinary arose from an argument between Plaintiff and a guard, on May 2, 2007, about whether Plaintiff had received medical care for an infection on his face. (The same infection

entry #20, Ex.3-B.  Importantly, in Administrative Remedy 456268, Plaintiff does *not* mention any inadequate medical care or equal protection claims.  *Id.*  Administrative Remedy 456268 was denied on the merits on August 17, 2007.  *Id.*

On August 29, 2007, Plaintiff appealed the denial of Administrative Remedy 456268. *Id.; see also* docket entry #54, Ex. A.  *By way of background,* Plaintiff explained in his appeal that he and the guard were arguing about whether Plaintiff had received appropriate medical care for a skin infection on his face.  *Id.*  However, the substance of Plaintiff's two-page appeal discusses the various errors that allegedly occurred during the proceedings that resulted in his disciplinary conviction for threatening the guard.  *Id.*  On November 6, 2007, the appeal was denied based on a finding that there was no merit to Plaintiff's procedural challenges to his disciplinary conviction. *Id.*  Suffice it to say, neither Administrative Remedy 456268 nor the appeal had anything to do with Plaintiff allegedly asserting an inadequate medical care claim.  *Id.*

It is well settled that *each separate claim* in a *Bivens* action must be properly raised and exhausted during the grievance process so prison officials are given the opportunity to address the issue.  *See Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000).  As previously discussed, Administrative Remedy 456268 *dealt solely* with Plaintiff's challenges to his disciplinary conviction for threatening a prison guard. Although Plaintiff's administrative appeal briefly mentioned a lack of medical care for the skin infection on

---

that is the subject of Plaintiff's current inadequate medical care claim). *See* docket entry #20, Exs. 1 and 2.  As punishment, Plaintiff lost fourteen days of good time credit.  *Id.* On October 16, 2008, the Court, citing *Heck*, dismissed Plaintiff's due process challenges to that disciplinary conviction. *See* docket entries #32 and #39 (under *Heck v. Humphrey*, 512 U.S. 477 (1994) and its progeny, a federal prisoner cannot bring a 1983 claim challenging a disciplinary that resulted in the loss of good time credits until he has first had that disciplinary conviction reversed or called into doubt in a federal habeas action).  *Id.*

his face, it is clear that this information was provided only to explain what gave rise to his argument with the guard.  This passing reference to an alleged medical problem, at the administrative appeal level, in no way constitutes filing the required separate grievance raising Plaintiff's inadequate medical care and equal protection claims and then pursuing that grievance until all administrative remedies have been fully exhausted. Thus, Plaintiff cannot rely on any of the documents associated with Administrative Remedy 456268 to support his claim that he properly exhausted his administrative remedies on his inadequate medical care or equal protection claims.

### 2.      Defendant Jemmott's Interference With Plaintiff's Efforts To Exhaust

Plaintiff renews his contention that Defendant Jemmott hindered his efforts to exhaust by filing Plaintiff's  administrative remedy forms late, or not filing them at all.  *See* docket entries #54 and #58.

Based on documents provided by Defendants in support of their Second Motion for Summary Judgment, the following facts are *undisputed*:

a.      In April and May of 2007, while he was confined at the Marianna Unit of FCI-FC, Plaintiff asserts that he was denied medical care for a skin infection.  *See* docket entries #2, #45, and #54.

b.      To fully exhaust administrative remedies within the BOP, an inmate must: (1) file an Informal Inmate Request to Staff Member (form BP-8) within twenty calendar days of the alleged incident; (2) submit an Administrative Remedy (form BP-9) to the prison warden or unit manager; (3) appeal the warden's response to the Regional Director (form BP-10); and (4) appeal the Regional Director's response to the General Counsel in the Central Office (form BP-11).  *See* 28 C.F.R. § 542.10 to 542.15.

c.      On June 5, 2007, Plaintiff filed an Informal Inmate Request to Staff (form BP-8) regarding the alleged lack of medical treatment for his skin infection. *See* docket entry #54, Ex. C at 12.

d.      On June 7, 2007, Ms. Gilley, who is not a party to this action, denied Plaintiff's Informal Inmate Request to Staff on the ground it had no merit.   Id.

e.      Plaintiff claims that, on June 12, 2007, he attempted to proceed to the next step of the grievance process by giving Defendant Jemmott an Administrative Remedy Form (form BP-9), but Defendant Jemmott failed to process it. *See* docket entry #54. However, Plaintiff has not provided the Court with a copy of this alleged Administrative Remedy form.

f.      On June 18, 2007, Plaintiff filed Administrative Remedy 456468 which renewed his allegation that he was receiving inadequate medical care. *See* docket entry #45, attachment. Neither party has produced a copy of Administrative Remedy 456468.[9]

g.      Administrative Remedy 456468 was rejected and returned to Plaintiff  because: (1) it was untimely filed; *and* (2) Plaintiff did not specify the relief he was seeking. *It is undipsuted that Plaintiff did not appeal the rejection and return of Administrative Remedy 456468 or resubmit a properly completed Administrative Remedy form.*

h.      Even if Defendant Jemmott did prevent Plaintiff from timely filing Administrative Remedy 456468 (something that Plaintiff does *not* specifically allege), it is *undisputed* that Defendant Jemmott had nothing to do with Plaintiff's subsequent failure: (1) to appeal the rejection

---

[9]In her sworn Declaration, a BOP attorney explains that Administrative Remedy 456468 was returned to Plaintiff, in accordance with BOP policy, so that he could make the necessary corrections. For that reason, the BOP did not retain a copy of Administrative Remedy 456468. *See* docket entry #45, attachment. The Declaration goes on to interpret attached BOP print outs that summarize what occurred in regard to Administrative Remedy 456468. *Id.*

and return of that document; or (2) to submit a new form with more specific information about the relief he was seeking.

i.      On an unspecified date, Plaintiff was transferred to the Helena Unit of FCI-FC, where he was no longer in contact with Defendant Jemmott.  *See* docket entry #54.

j.      Plaintiff *admits* that, once he was transferred to the Helena Unit, his new Unit Manager advised him to resubmit a grievance about the denial of medical care at the Marianna Unit, and to explain Defendant Jemmott's alleged interference with his previous attempt to exhaust his administrative remedies in connection with that claim.  *Id.*

k.      On October 30, 2007, while Plaintiff was in the Helena Unit, he filed Administrative Remedy 471979, which alleges that he received inadequate medical care for a skin infection on his face while he was confined in the Marianna Unit in April and May of 2007. *See* docket entry #54 Ex. C at 11.  Plaintiff also alleges that, in June of 2007, Defendant Jemmott refused to file his grievance about the matter.  *Id.*

l.      On November 2, 2007, Administrative Remedy 471979 was denied because Plaintiff did not specify the relief he was seeking.  *See* docket entry #45, attachment.  Although, Plaintiff had the option of resubmitting the form with the required information, he elected not to do so. *Id.* Instead, on November 22, 2007, he filed an appeal challenging the denial of Administrative Remedy 471979 and alleging that the November 2, 2007 rejection of Administrative Remedy 471979 and request for more information was "just a delay tactic on behalf of the administration."  *See* docket entry #54, Ex. B. at 10.

m.      On December 21, 2007, Plaintiff's November 22nd appeal was denied because: (1) it was *untimely filed*; and (2) Plaintiff had failed to comply with the instructions to submit more

information.  *See* docket entry # 54, Ex. B at 9.  At the time this appeal was denied, Plaintiff was no longer incarcerated at the Marianna Unit.  Thus, Defendant Jemmott could not have caused Plaintiff's appeal to be untimely.

Faced with these undisputed facts, Plaintiff reasserts his contention that his failure to exhaust his administrative remedies should be excused because, *while he was incarcerated in the Marianna Unit*, Defendant Jemmott hindered his efforts at exhaustion.[10]  Even if the Court assumes this is true, the undisputed facts establish that Plaintiff had the opportunity to fully exhaust his administrative remedies on his inadequate medical care and equal protection claims, *after* he was transferred to the Helena Unit, by *properly* filing and then pursuing Administrative Remedy 471979.  However, instead of complying with the BOP's specific instructions to submit more information in support of Administrative Remedy 471979, Plaintiff chose to file an appeal.  That appeal was denied because: (1) it was *untimely filed*; and (2) Plaintiff had failed to comply with the instructions to submit more information to support Administrative Remedy 471979.  Clearly, Defendant Jemmott had nothing to do with creating either of the grounds upon which this appeal was denied.  Thus, Plaintiff's failure to properly exhaust administrative remedies is due to his own refusal to follow instructions and comply with the BOP's exhaustion process.  *See Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006) (holding that proper exhaustion under the PLRA demands compliance with the prison's procedural rules); *Jones v. Norris*, 310 F.3d 610 (8th Cir. 2002) (holding that a prisoner does not satisfy the PLRA exhaustion requirement when a grievance is denied for procedural reasons, and not on the

---

[10] As indicted in paragraph 2(h), even while Plaintiff was incarcerated in the Marianna Unit, he had an opportunity to fully exhaust his administrative remedies on these claims by properly pursuing Administrative Remedy 456468.  It is undisputed that Defendant Jemmott was in no way responsible for Plaintiff's failure to properly exhaust Administrative Remedy 456468.

merits).

The Court finds that there are no disputed issues of material fact surrounding Plaintiff's *voluntary actions* in failing to properly exhaust Administrative Remedy 456468 and Administrative Remedy 471979. The Court further finds that Defendant Jemmott did nothing to prevent Plaintiff from appealing the denial of Administrative Remedy 456468 or from properly and fully exhausting his administrative remedies in connection with Administrative Remedy 471979.  Therefore, the Court concludes that there are no disputed issues of material fact which require it to conduct an evidentiary hearing on the issue of exhaustion.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.     Defendants' Second Motion for Summary Judgment, or in the Alternative, Request for an Evidentiary Hearing on the Issue of Exhaustion (docket entry #44) be GRANTED, and that Plaintiff's remaining claims be DISMISSED, WITHOUT PREJUDICE, due to his failure to timely and properly exhaust his administrative remedies.

2.     The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 3rd day of April, 2009.

_____

UNITED STATES MAGISTRATE JUDGE